UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-62226-CIV-MORENO**

ALISSA LEVIN, et al.,

    Appellants,

vs.

HOWARD A. LEVINE,

    Appellee.

_____/

**CLOSED CIVIL CASE**

## ORDER AFFIRMING BANKRUPTCY COURT

This appeal arises from an order of the Bankruptcy Court sustaining Appellee's objections to giving priority status under 11 U.S.C. § 507(a)(4) (the "Bankruptcy Code") to Appellants' claims for attorneys' fees incurred while litigating their unpaid wage claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") in both the District Court and the Bankruptcy Court. Because the plain language of the Bankruptcy Code does not expressly provide priority for attorneys' fees in FLSA cases, and in furtherance of the Code's paradigm of equal distribution among creditors, this Court affirms.

### I. Background

In October of 2008, Appellants had sued Appellee and two other defendants in U.S. District Court for the Southern District of Florida seeking payment of unpaid wages under the minimum wage provisions of the FLSA. *See Levin v. Levans, Inc.*, No. 08-61730-CIV-DTKH (S.D. Fla. 2008) (the "FLSA case"). A month later the Appellee filed for bankruptcy, which automatically stayed the district court action, and the case continued to be litigated in the Bankruptcy Court. *See In re Levine,*

No. 08-27202-BKC-RBR (Bankr. S.D. Fla. 2008) (the "bankruptcy case"). In February of 2009, Appellants filed an Adversary Complaint against the Appellee seeking a determination of nondischargeability of their FLSA wage claims.

Throughout the course of the bankruptcy proceedings, the Appellee raised several objections to Appellants' FLSA wage claims, and Appellants incurred legal expenses responding to these objections. In particular, the parties disputed whether the legal expenses and attorneys' fees incurred by Appellants in preserving their FLSA wage claims throughout the bankruptcy proceedings should receive priority status *in addition to* the wage claims themselves, for which the Bankruptcy Code expressly provides priority status. On this issue, a hearing was held before the Bankruptcy Court on August 13, 2009. Following that hearing, the Bankruptcy Court lifted the automatic stay and abated the bankruptcy case to allow Appellants to have the entitlement to and amount of their attorneys' fees determined by the District Court in the underlying FLSA case.

After the District Court reopened its case, the parties stipulated to a settlement of Appellants' FLSA wage claims, which included payment by the Appellee of unpaid wages and liquidated damages pursuant to the FLSA. The Appellee also agreed that the District Court could determine the entitlement to and the amount of attorneys' fees to be awarded in the FLSA case. In April of 2010, the District Court adopted in full the Magistrate Judge's Report and Recommendation, which awarded $25,340.00 in attorneys' fees, plus $550.00 in costs, to Appellants for litigation expensed in both the District Court and the Bankruptcy Court.

Upon returning to the Bankruptcy Court, Appellants amended their individual claims to include the award of attorneys' fees pro rata, and the Appellee filed objections to those claims, arguing that the attorneys' fees were not entitled to the same priority status as Appellants' underlying

FLSA wage claims. The Bankruptcy Court held a hearing on Appellee's objections on August 12, 2010, and on September 7, 2010 entered an order sustaining them, allowing priority for Appellants' claims "only to the extent the claims are wages, salaries, or commissions" and allowing the attorneys' fees as a general unsecured claim. *See* Order Sustaining Debtor's Objections to Claims, ECF No. 136. It is this Order from which Appellants have filed the instant appeal.

## II. Discussion

The sole issue presented by this appeal is whether the Bankruptcy Court erred in sustaining the Appellee's objections to Appellants' inclusion of attorneys' fees as part of their wage priority claims under the Bankruptcy Code. The proper construction of the Bankruptcy Code by a bankruptcy court is a matter of law subject to *de novo* review. *United States v. Verdunn*, 89 F.3d 799, 801 (11th Cir. 1996). Appellants argue that the attorneys' fees and litigation expenses incurred in preserving their underlying FLSA wage claims should receive priority status, because otherwise the legislative purpose behind the FLSA, which mandates an award of attorneys' fees for successful claimants, would be thwarted. Appellee responds that the Court should adhere to the plain language of the Bankruptcy Code, which does not expressly provide priority for attorneys' fees, in order to preserve the paradigm of equal distribution among creditors and to not dilute recovery for general unsecured claims and those claims entitled to equal or lesser priority. The Court agrees with Appellee.

The Bankruptcy Code, 11 U.S.C. § 507(a)(4)[1], specifically gives priority status to "unsecured claims . . . earned within 180 days before the date of the filing of the petition . . . for wages, salaries,

---

[1] Changes to the Bankruptcy Code in 2005 lowered the priority status for wage claims, so that what was formerly known as Section 507(a)(3) became Section 507(a)(4). The statutory language, however, remained essentially the same. Therefore, cased heard prior to the 2005 changes, and cited herein, containing references to Section 507(a)(3) are to be read as references to the current Section 507(a)(4).

or commissions, including vacation, severance, and sick leave pay earned by an individual . . . ." Attorney's fees are not provided for. *See In re C.J. Wright & Co.*, 183 B.R. 305, 307 (Bankr. M.D. Fla. 1995) ("The Bankruptcy Code clearly delineates the priority claims available under § 507(a)(3). Attorney's fees, interest, and costs are not included as priority claims under that section."). Moreover, because the primary goal of the Bankruptcy Code is to secure equal distribution among creditors, it is well established that priority statutes are to be strictly construed and that priority should not be given to certain claims unless found on a clear statutory purpose. *See Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006) ("[W]e are guided in reaching our decision by the equal distribution objective underlying the Bankruptcy Code, and the corollary principle that provisions allowing preferences must be tightly construed."); *Nathanson v. Nat'l Labor Relations Bd.*, 344 U.S. 25, 29 (1952) ("[I]f one claimant is to be preferred over others, the purpose should be clear from the statute."); *see also In re Hutchison*, 223 B.R. 586, 588 (Bankr. M.D. Fla. 1998) ("Priority statutes are to be given strict construction since every such claim reduces the funds available to general creditors."). As a result, every claim granted priority status necessarily reduces the funds available to general unsecured creditors and may diminish the recovery of other claims entitled to equal or lesser priority. *Howard Delivery Serv., Inc.*, 547 U.S. at 667.

It is not surprising, then, that Appellants have cited to no cases expressly holding that the attorneys' fees incurred by an FLSA claimant should be entitled to priority status. To afford priority status to such claims would run contrary not only to the plain language of the Bankruptcy Code but also its primary statutory objective of equal distribution. *See, e.g., In re Hutchison*, 223 B.R. at 588 ("Allowing . . . priority for attorneys' fees would be contrary to the rule that priorities should be given a strict interpretation."). Therefore, while Appellants' arguments are well taken and it may

indeed be sound policy to give priority status to attorneys' fees claims in FLSA cases, it is up to Congress, not the courts, to specifically declare so.

### III. Conclusion

Having reviewed *de novo* the Bankruptcy Court's Order Sustaining Debtor's Objections to Claims, and having considered the briefs and oral argument of counsel for the parties, the pertinent portions of the record on appeal, and the applicable law, this Court finds that the Bankruptcy Court did not err in sustaining the Appellee/Debtor's objections to Appellants' inclusion of attorneys' fees as part of their wage priority claims under the Bankruptcy Code. Accordingly, it is

**ADJUDGED** that the Bankruptcy Court's Order Sustaining Debtor's Objections to Claims **(D.E. 136)**, entered on **September 3, 2010** in the bankruptcy case, is AFFIRMED.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of June, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record